UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE ALVARADO,

                Petitioner,

    v.

TODD BLANCHE, *et al.*,

                Respondents.

Case No. C26-2443-MLP

ORDER

Petitioner Jose Alvarado, through counsel, has filed a third petition for writ of habeas corpus. (Dkt. # 1.) Respondents filed a return (dkt. # 6), and Petitioner filed a traverse (dkt. # 7). Having considered the parties' submissions and the governing law,[1] the Court DENIES the petition.[2] (Dkt. # 1.)

## I.    BACKGROUND

The Court incorporates by reference the factual recitations in *Alvarado v. Wamsley*, 2026 WL 456810, at *1 (W.D. Wash. Feb. 18, 2026) ("*Alvarado I*"), and *Alvarado v. Wamsley*, 2026

---

[1] No declarations were filed in support of or in opposition to the petition for writ of habeas corpus.

[2] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 4.)

ORDER - 1

WL 1543226, at *1 (W.D. Wash. June 2, 2026) ("*Alvarado II*") and summarizes the most relevant details below.

Petitioner is a citizen of Mexico who entered the United States without inspection around 1987. *Alvarado I*, 2026 WL 456810, at *1. In 1996, the government initiated immigration proceedings against him and sent him a notice to appear in immigration court. *Id.* He did not appear for his hearing, and an immigration judge ("IJ") ordered him removed *in absentia*. *Id.* He appealed that decision to the Board of Immigration Appeals ("BIA"), which denied the appeal in 1997. *Id.*

In 2010, Petitioner surrendered to Immigration and Customs Enforcement ("ICE") on an outstanding warrant. *Alvarado I*, 2026 WL 456810, at *1. He asked the immigration court in Seattle to reopen his old case, but an IJ denied that request. *Id.* He appealed again to the BIA, and the BIA dismissed his appeal in 2011. *Id.*

In 2017, Petitioner sought a temporary stay of deportation. *Alvarado I*, 2026 WL 456810, at *1. In 2019, he applied for lawful permanent residence with U.S. Citizenship and Immigration Services ("USCIS"). *Id.* In February 2020, USCIS denied that application, explaining that Petitioner had previously been deported and was not legally admitted when he returned to the United States. *Id.* In August 2025, USCIS also denied his request for a stay of deportation. *Id.*

Petitioner is currently subject to a reinstated order of removal. *Alvarado II*, 2026 WL 1543226, at *1. On September 5, 2025, ICE arrested him and took him to the Northwest ICE Processing Center, where he remains detained. *Id.* In February 2026, the Court granted limited habeas relief and ordered that he be referred for a reasonable-fear interview. *Id.* USCIS conducted that interview later that month. *Id.*

Petitioner then filed a petition for review in the Ninth Circuit Court of Appeals and asked the court to temporarily stay his removal while it considers his case. *Alvarado II*, 2026 WL 1543226, at *1 (citing *Alvarado v. Blanche*, Case No. 26-1256 (9th Cir. 2026)). The Ninth Circuit issued a temporary stay of removal pursuant to General Order 6.4(c) on March 5, 2026. *Id.* On March 27, 2026, Petitioner asked an IJ to reconsider his custody pursuant to 8 C.F.R. § 1236, and the IJ denied that request, finding no materially changed circumstances. *Id.*

On April 6, 2026, Petitioner filed his second federal habeas petition, arguing that his prolonged detention without a bond hearing violated due process. The Court denied that petition because he failed to clearly identify the correct legal standard or provide sufficient legal support for his claim. *Alvarado II*, 2026 WL 1543226, at *1-2. The Court later denied reconsideration but noted that Petitioner could file a new petition that: (1) identified the governing standard for a due process claim; (2) applied that standard to the facts with record citations; and (3) included relevant authority, including the effect of *Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022). *Alvarado II*, Case No. C26-1147, dkt. # 19 at 3-4 (W.D. Wash. Jun. 25, 2026).

Petitioner filed the instant petition on July 11, 2026. (Dkt. # 1.)

## II.    LEGAL STANDARDS

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

ORDER - 3

### III.    DISCUSSION

Petitioner contends that his prolonged detention, without a government-justified hearing before a neutral decisionmaker, violates the Fifth Amendment Due Process Clause. (Dkt. # 1 at 7-18.) He seeks a bond hearing or release. (*Id.* at 21-22.) Respondents counter that Petitioner is detained under 8 U.S.C. § 1231(a) pending resolution of his petition for review and that no bond hearing is required under that statute. (Dkt. # 6 at 11.) Petitioner does not dispute the circumstances of his redetention or the statutory basis for his current detention. (*See generally* dkt. ## 1, 7.)

### A.    *Mathews* Does Not Govern Petitioner's Prolonged Detention Claim

Both parties brief the constitutional procedural due process claim under *Mathews v. Eldridge*, 424 U.S. 319 (1976). (Dkt. ## 1 at 13-15; 6 at 11-14.) *Mathews*, however, is not the proper framework here. The *Mathews* balancing test addresses whether existing administrative procedures satisfy due process and is most often applied in this District to challenges to arrest or redetention procedures. *See*, *e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025). Petitioner does not challenge the adequacy of those procedures. Instead, he asks the Court to mandate a specific procedure—a bond hearing with particular burdens—without regard to the governing statute. (Dkt. # 1 at 13-15.) That is not the question *Mathews* typically resolves. *See Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019) (articulating a multi-factor test to evaluate the reasonableness of prolonged detention); *Amatbek Uulu v. Scott*, 2026 WL 865813, at *5 (W.D. Wash. Mar. 30, 2026) (distinguishing *Banda* and applying *Mathews* where the issue was whether existing administrative procedures were constitutionally sufficient).

The petition also fails to grapple with the statutory and regulatory scheme that actually governs Petitioner's detention, § 1231(a)(6), which provides for periodic custody reviews and

ORDER - 4

related procedural safeguards. *See* 8 C.F.R. § 241.4(f), (h)(2), (i)(3)(i)-(ii), (k)(2)(iii)-(iv). Instead, Petitioner assumes, absent analysis, that the same bond-hearing regime applies across all immigration detention statutes, contrary to authority recognizing that due process may require different procedures in different statutory contexts. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022); *see also Arteaga-Martinez*, 596 U.S. at 576 (holding that § 1231(a)(6) does not mandate six-month bond hearings with a clear-and-convincing burden on the government). Petitioner does not confront these cases or explain why the § 1231(a)(6) framework is constitutionally inadequate on this record. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

These deficiencies are particularly striking given the Court's prior guidance. The Court previously observed that "[a]t the heart" of Petitioner's second habeas petition was "the request that the Court order an administrative bond hearing before an immigration judge," but concluded that "Petitioner fail[ed] to articulate a proper legal basis for obtaining a bond hearing." *Alvarado II*, 2026 WL 1543226, at *2. The Court nevertheless explained that Petitioner remained free to file a new petition that: (1) identified the governing due process standard; (2) applied that standard to the facts with record citations; and (3) relied on relevant authority, including *Arteaga-Martinez*, 596 U.S. 573. *Alvarado II*, Case No. C26-1147, dkt. # 19 at 3-4 (also noting that "[i]t is not the Court's role to construct or infer arguments on Petitioner's behalf.").

Yet in this petition, Petitioner again offers only a conclusory citation to *Mathews* and a bare assertion of constitutional injury. [3] That showing is insufficient to establish a legal

---

[3] This is not an isolated occurrence. Much of Petitioner's briefing lacks any substantive analysis or citation to legal or factual authority. (*See generally* dkt. ## 1, 7.) The Court declines to develop legal theories or supply authority on Petitioner's behalf. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("To put it plainly, courts call balls and strikes; they don't get a turn at bat." (cleaned up)).

ORDER - 5

entitlement to an individualized bond hearing or to demonstrate that his current detention is otherwise unlawful. *See, e.g.*, *Blanco Rodriguez v. Hernandez*, 2026 WL 1413204, at \*4-6 (W.D. Wash. May 20, 2026) (declining to apply *Mathews* to a prolonged detention claim and denying habeas petition because the petitioner failed to establish that he was unlawfully detained). The Court therefore denies the petition for writ of habeas corpus as to Petitioner's prolonged detention.

### B.      The Abuse of the Writ Doctrine Bars this Successive Petition

Petitioner further argues that his detention violates substantive due process because it is "no longer reasonably related to any immediate removal objective." (Dkt. # 1 at 19.) Respondents contend that this claim merely repackages arguments that were, or should have been, raised in *Alvarado II* and therefore constitutes an abuse of the writ. (Dkt. # 6 at 7-11.) The Court agrees.

"The doctrine of abuse of the writ generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation and quotation marks omitted). As the Supreme Court has explained, the doctrine "defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McCleskey v. Zant*, 499 U.S. 467, 470 (1991).

The statutory bar on successive petitions in 28 U.S.C. § 2244 does not apply to this § 2241 immigration habeas petition. *See Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000). Instead of a rigid successive-petition bar, courts apply the common-law abuse of the writ doctrine in this context and ask whether the petitioner can show cause for failing to raise a claim

ORDER - 6

earlier and resulting prejudice. *See McCleskey*, 499 U.S. at 494; *see also Eldridge v. Howard*, 70 F.4th 543, 552 (9th Cir. 2023).

Under this doctrine, the government must first show, "with clarity and particularity," the petitioner's prior writ history, identify the claims raised for the first time, and allege abuse of the writ. *McCleskey*, 499 U.S. at 494. If the government carries that burden, the burden shifts to the petitioner to "disprove abuse" by showing cause and prejudice, or a fundamental miscarriage of justice. *Id.*

Respondents have met their burden. In *Alvarado II*, the Court considered and rejected Petitioner's contention that his removal is not reasonably foreseeable due to the Ninth Circuit's temporary stay, which has been in place since March 5, 2026. *Alvarado II*, 2026 WL 1543226, at *3. The substance of Petitioner's current substantive due process claim either was raised and decided in *Alvarado II* or could have been raised there based on information then available. *See McCleskey*, 499 U.S. at 470; *Eldridge*, 70 F.4th at 552. Petitioner's conclusory reference to *Mathews* fails to show cause that would excuse his failure to litigate those claims fully in the prior petition. (Dkt. # 7 at 5.)

Accordingly, the Court finds that the doctrine of abuse of the writ bars Petitioner's substantive due process claim.

### IV.    CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus (dkt. # 1) is DENIED.

Dated this <u>10th</u> day of August, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7